1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
8                              AT SEATTLE

9

10   A. LEONARD SMITH,                    CASE NO. C08-1840JLR

11                  Plaintiff,            ORDER GRANTING MOTION
                                          TO DISMISS
12          v.

13   GARY LOCKE,

14                  Defendant.

15                          **I.  INTRODUCTION**

16          This matter comes before the court on Defendant Gary Locke's ("Government")

17   motion to dismiss (Dkt. # 10).  The Government requests that the court dismiss this

18   lawsuit because Plaintiff A. Leonard Smith failed to exhaust his administrative remedies

19   before filing his complaint.  Having considered the motion, as well as all papers filed in

20   support and opposition, and neither party having requested oral argument, the court

21   GRANTS the motion and DISMISSES Mr. Smith's complaint without prejudice.

22

## II.   BACKGROUND & ANALYSIS

Mr. Smith, an African-American male over 40 years of age, is an employee of the United States Department of Commerce.  In his complaint, Mr. Smith brings suit for race and age discrimination and for retaliation.  (Am. Compl. (Dkt. # 5) ¶¶ 21-29.)  The facts alleged in support of these claims are not at issue for purposes of this motion, and the court will not review them at this time.

This matter focuses primarily on the timeline leading up to Mr. Smith's decision to file suit in federal court.  The parties agree as to the relevant dates.  On July 8, 2008, Mr. Smith filed a formal complaint with the Equal Employment Office ("EEO") of the United States Department of Commerce.  On December 29, 2008, less than 180 days later, Mr. Smith filed his original complaint in this action.  (*See* Dkt. # 1.)  It is undisputed that no final action had been taken with respect to Mr. Smith's formal EEO complaint prior to the filing of his complaint in federal court.  The Government argues that the court must dismiss Mr. Smith's complaint because he prematurely filed his complaint in federal court without waiting 180 days from the filing of his formal EEO complaint.

Under Title VII, federal employees may file suit for employment discrimination in federal court only after they have exhausted their administrative remedies.  42 U.S.C. § 2000e-16(c); *see Leorna v. U.S. Dep't of State*, 105 F.3d 548, 550 (9th Cir. 1997).  "Because timely exhaustion of administrative remedies is a prerequisite to a Title VII action against the federal government, a court may not consider a discrimination claim that has not been exhausted."  *Steele v. Schafer*, 535 F.3d 689, 693 (D.C. Cir. 2008).

Federal regulations provide that to file an action under Title VII in federal court, the plaintiff must comply with the following conditions:

> A complainant who has filed an individual complaint, an agent who has filed a class complaint or a claimant who has filed a claim for individual relief pursuant to a class complaint is authorized under title VII, the ADEA and the Rehabilitation Act to file a civil action in an appropriate United States District Court:
>
> (a) Within 90 days of receipt of the final action on an individual or class complaint if no appeal has been filed;
>
> (b) After 180 days from the date of filing an individual or class complaint if an appeal has not been filed and final action has not been taken;
>
> (c) Within 90 days of receipt of the Commission's final decision on an appeal; or
>
> (d) After 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission.

29 C.F.R. § 1614.407; *see* 42 U.S.C. § 2000e-16(c). The parties agree that 29 C.F.R. § 1614.407(b) applies on the facts of this case.

Here, Mr. Smith concedes that he did not comply with the 180-day exhaustion requirement. (Resp. (Dkt. # 12) at 1, 3.) Mr. Smith also acknowledges that the regulations prohibit the filing of a civil action in district court until 180 days after filing a formal EEO complaint where final action has not been taken. (*Id*. at 3.) Finally, Mr. Smith recognizes that the relevant law all but requires dismissal of his complaint on the facts of this case. (*Id*. at 4.)

On this record, the court concludes that Mr. Smith's complaint must be dismissed for failure to exhaust. Mr. Smith does not seriously contest this result. Although Mr. Smith notes in passing that the Government, in its motion, does not address the fact that

he filed his amended complaint after 180 days had elapsed, Mr. Smith does not present any argument or legal authority to support the proposition that the amendment cures his original, premature filing.  (*Id.* at 3.)  Likewise, Mr. Smith presents no argument concerning equitable considerations.  The court therefore concludes that Mr. Smith's complaint must be dismissed for failure to exhaust.

The Government also argues that the court should dismiss Mr. Smith's complaint on the basis that he impeded the administrative process.  Having already determined that Mr. Smith failed to exhausted by prematurely filing this lawsuit, the court need not determine whether Mr. Smith impeded the administrative process.

## III.    CONCLUSION

For the foregoing reasons, the court GRANTS the Government's motion to dismiss (Dkt. # 10) and DISMISSES the complaint without prejudice.

Dated this 11th day of January, 2010.

JAMES L. ROBART
United States District Judge